TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | |
|---|---|
| OPINION : | |
| : | No. 95-618 |
| of : | |
| : | February 15, 1996 |
| DANIEL E. LUNGREN : | |
| Attorney General : | |
| : | |
| MAXINE P. CUTLER : | |
| Deputy Attorney General : | |
| : | |

_____

THE HONORABLE MICHELE VADON, LOMITA CITY PROSECUTING ATTORNEY, has requested an opinion on the following question:

May the owners of a coffee shop employing five or fewer employees prohibit minors from entering the premises in order to permit smoking by employees and patrons?

CONCLUSION

The owners of a coffee shop employing five or fewer employees may not prohibit minors from entering the premises in order to permit smoking by employees and patrons.

ANALYSIS

An employer must maintain a place of employment that is safe and healthful. (Lab. Code, § 6404.)[1] Section 6404.5, the subject of this opinion, provides:

"(a) The Legislature finds and declares that regulation of smoking in the workplace is a matter of statewide interest and concern. It is the intent of the Legislature in enacting this section to prohibit the smoking of tobacco products in all (100 percent of) enclosed places of employment in this state, as covered by this section,

_____

[1]All references hereinafter to the Labor Code are by section number only.

thereby eliminating the need of local governments to enact workplace smoking restrictions within their respective jurisdictions. It is further the intent of the Legislature to create a uniform statewide standard to restrict and prohibit the smoking of tobacco products in enclosed places of employment, as specified in this section, in order to reduce employee exposure to environmental tobacco smoke to a level that will prevent anything other than insignificantly harmful effects to exposed employees, and also to eliminate the confusion and hardship that can result from enactment or enforcement of disparate local workplace smoking restrictions. Notwithstanding any other provision of this section, it is the intent of the Legislature that any area not defined as a `place of employment' pursuant to subdivision (d) or in which the smoking of tobacco products is not regulated pursuant to subdivision (e) shall be subject to local regulation of smoking of tobacco products.

"(b) No employer shall knowingly or intentionally permit, and no person shall engage in, the smoking of tobacco products in an enclosed space at a place of employment.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For purposes of this section, `place of employment' does not include any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(8) Bars and taverns, in which smoking is permitted by subdivision (f). For purposes of this paragraph, `bar' or `tavern' means a facility primarily devoted to the serving of alcoholic beverages for consumption by guests on the premises, in which the serving of food is incidental. `Bar or tavern' includes those facilities located within a hotel, motel, or other similar transient occupancy establishment. However, when located within a building in conjunction with another use, including a restaurant, `bar' or `tavern' includes only those areas used primarily for the sale and service of alcoholic beverages. `Bar' or `tavern' does not include the dining areas of a restaurant, regardless of whether alcoholic beverages are served therein.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(13) Breakrooms designated by employers for smoking, provided that all of the following conditions are met:

"(A) Air from the smoking room shall be exhausted directly to the outside by an exhaust fan. Air from the smoking room shall not be recirculated to other parts of the building.

"(B) The employer shall comply with any ventilation standard or other standard utilizing appropriate technology, including, but not limited to, mechanical,

electronic, and biotechnical systems, adopted by the Occupational Safety and Health Standards Board of the federal Environmental Protection Agency. If both adopt inconsistent standards, the ventilation standards of the Occupations Safety and Health Standards Board shall be no less stringent than the standards adopted by the federal Environmental Protection Agency.

"(C) The smoking room shall be located in a nonwork area where no one, as part of his or her work responsibilities, is required to enter. For purposes of this paragraph, `work responsibilities' does not include any custodial or maintenance work carried out in the breakroom when it is unoccupied.

"(D) There are sufficient nonsmoking breakrooms to accommodate nonsmokers.

"*(14) Employers with a total of five or fewer employees, either full-time or part-time, may permit smoking where all of the following conditions are met:*

"*(A) The smoking area is not accessible to minors.*

"*(B) All employees who enter the smoking area consent to permit smoking. No one, as part of his or her work responsibilities, shall be required to work in an area where smoking is permitted. An employer who is determined by the division to have used coercion to obtain consent or who has required an employee to work in the smoking area shall be subject to the penalty provisions of Section 6427.*

"*(C) Air from the smoking area shall be exhausted directly to the outside by an exhaust fan. Air from the smoking area shall not be recirculated to other parts of the building.*

"*(D) The employer shall comply with any ventilation standard or other standard utilizing appropriate technology, including, but not limited to, mechanical, electronic, and biotechnical systems, adopted by the Occupational Safety and Health Standards Board or the federal Environmental Protection Agency. If both adopt inconsistent standards, the ventilation standards of the Occupational Safety and Health Standards Board shall be no less stringent than the standards adopted by the federal Environmental Protection Agency.*

"This paragraph shall not be construed to (i) supersede or render inapplicable any condition or limitation on smoking areas made applicable to specific types of business establishments by any other paragraph of this subdivision or (ii) apply in lieu of any otherwise applicable paragraph of this subdivision that has become inoperative.

"(e) Paragraphs (13) and (14) of subdivision (d) shall not be construed to require employers to provide reasonable accommodation to smokers, or to provide breakrooms for smokers or nonsmokers.

"(f)(1)  Except as otherwise provided in this subdivision, smoking may be permitted in gaming clubs, as defined in paragraph (7) of subdivision (d), and in bars and taverns, as defined in paragraph (8) of subdivision (d), until the earlier of the following:

"(A)  January 1, 1997.

"(B)  The date of adoption of a regulation (i) by the Occupational Safety and Health Standards Board reducing the permissible employee exposure level to environmental tobacco smoke to a level that will prevent anything other than insignificantly harmful effects to exposed employees or (ii) by the federal Environmental Protection Agency establishing a standard for reduction of permissible exposure to environmental tobacco smoke to an exposure level that will prevent anything other than insignificantly harmful effects to exposed persons.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(g)  The smoking prohibition set forth in this section shall constitute a uniform statewide standard for regulating the smoking of tobacco products in enclosed places of employment and shall supersede and render unnecessary the local enactment or enforcement of local ordinances regulating the smoking of tobacco products in enclosed places of employment.  Insofar as the smoking prohibition set forth in this section is applicable to all (100 percent of) places of employment within this state and, therefore, provides the maximum degree of coverage, the practical effect of this section is to eliminate the need of local governments to enact enclosed workplace smoking restrictions within their respective jurisdictions.

"(h)  Nothing in this section shall prohibit an employer from prohibiting smoking in an enclosed place of employment or any reason.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(j)  Any violation of the prohibition set forth in subdivision (b) is an infraction subject to subdivision (d) of Section 17 of the Penal Code and, notwithstanding Section 19.8 of the Penal Code, is punishable by a fine not to exceed one hundred dollars ($100) for a first violation, two hundred dollars ($200) for a second violation within one year, and five hundred dollars ($500) for a third and for each subsequent violation within one year.  This subdivision shall be enforced by local enforcement agencies including, but not limited to, local health departments, as determined by the local governing body.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."  (Italics added.)

The question presented for resolution is whether a coffee shop[2] with five or fewer employees may be excluded from the definition of a "place of employment" under the terms of section 6404.5, subdivision (d)(14). Specifically, may the owners of a small coffee shop prohibit minors from entering the premises in order to meet the qualification that "[t]he smoking area is not accessible to minors"?[3] We conclude that minors may not be excluded from a coffee shop in order to allow smoking by employees and patrons.

In analyzing the issues presented, we are guided by well established principles of statutory interpretation. "In construing a statute, our principal task is to ascertain the intent of the Legislature. [Citation.]" (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071.) "The Legislature is deemed to be aware of existing laws and judicial decisions construing the same statute in effect at the time legislation is enacted, and to have enacted and amended statutes `"`in light of such decisions as have a direct bearing upon them.'"" (*Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609.)

Here, we apply the terms of section 6404.5 in light of the Unruh Civil Rights Act (Civ. Code, § 51 et seq.; hereafter "Act") which bars business establishments from engaging in any form of arbitrary discrimination. (*Starkman* v. *Mann Theaters Corp.* (1991) 227 Cal.App.3d 1491, 1496.) Civil Code section 51 provides:

> "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. . . ."

In *Jackson* v. *Superior Court* (1994) 30 Cal.4th 936, 940, the court reaffirmed: "`The Act is to be given a liberal construction with a view to effectuating its purposes.'" Although the Act does not specifically list age as a proscribed ground of discrimination, it has been interpreted to prohibit business establishments from arbitrarily discriminating against minors. (*Marina Point Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 740.)[4] "Thus, even though the act does not delineate `age' as a category, it may be applicable in situations in which business establishments make classifications based upon age." (*Starkman* v. *Mann Theaters Corp.*, *supra*, 227 Cal.App.3d at 1496.)

Of course, not all "discriminatory" treatment is necessarily "arbitrary." "California courts have uniformly found discriminatory treatment to be reasonable, and thus nonarbitrary, *where a strong public policy exists in favor of such treatment*." (*Sargoy* v. *Resolution Trust Corp.* (8 Cal.App.4th 1039, 1043.) In *Starkman* v. *Mann Theaters Corp.*, *supra*, 227 Cal.App.3d at 1494-1495, the court found that theater ticket discounts for children and senior citizens were not arbitrary,

---

[2] A coffee shop is typically defined as a "small restaurant . . . where light refreshments or regular meals are served." (Webster's Third New Internat. Dict. (1971) p. 439.)

[3] The other conditions and restrictions of subdivision (d)(14) are beyond the scope of this opinion.

[4] The term "business establishment" includes a restaurant. (59 Ops.Cal.Atty.Gen. 70, 71 (1976).)

unreasonable, or unfair, since such age-based discrimination supported a favored public policy. In *Reilly* v. *Stroh* (1984) 161 Cal.App.3d 47, 53, the court ruled that the segregation of persons 18 to 21 years of age from those 21 years and older was not arbitrary when necessary to insure compliance with a statutorily sanctioned restriction on the activities of minors, such as purchasing alcoholic beverages. However, in *American Booksellers Assn.*, v. *Superior Court* (1982) 129 Cal.App.3d 197, 205, the court held that minors could not be denied access to retail establishments (supermarkets, drug stores, bookstores) which sell a wide variety of literature and necessities of life simply because materials sought to be restricted from minors are also offered for sale.

We believe that attempting to exclude minors from a coffee shop would be similar to trying to exclude them from the general retail establishments considered in *American Booksellers*. In particular, no public policy supports the exclusion of minors from a coffee shop in order to permit smoking by employees and patrons. Section 6404.5, subdivision (a) expresses a strong public policy in favor of restricting "the smoking of tobacco products" in places of employment in order to protect the health of employees. The Legislature has specifically found that "[s]moking is the single most important source of preventable disease and premature death in California." (Health & Saf. Code, § 25967, subd. (a)(1).) It is of no consequence that barring minors from a coffee shop would help protect their health if employees and patrons could smoke in the coffee shop. The simple answer is that no one is allowed to smoke in a coffee shop under the terms of section 6404.5, subdivision (d)(14), and the requirements of the Act.

We note that an employer may permit employees to smoke indoors under certain conditions. Section 6404.5, subdivision (d)(13) permits smoking in breakrooms designated for that purpose. Also, a bar or tavern is currently exempt from the smoking prohibition. (§ 6404.5, subd. (d)(8).)

We conclude that the owners of a coffee shop employing five or fewer employees may not prohibit minors from entering the premises in order to permit smoking by employees and patrons.

* * * * *